IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GREENE, JAMES IREY, and SECOND AMENDMENT FOUNDATION, | ) ) | CIVIL ACTION NO. 1:24-cv-00021 |
| Plaintiffs, | ) ) | JUDGE BISSOON |
| v. | ) ) | *(Electronically Filed)* |
| MERRICK B. GARLAND, Attorney General of the United States, STEVEN M. DETTELBACH, Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives, CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this Notice of Supplemental Authority to notify this Court of several authorities pertinent to Plaintiffs' pending Motion for Preliminary Injunction that have been issued since the parties briefed that Motion.

1.      On June 21, 2024, the Supreme Court issued its decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Rahimi* upheld 18 U.S.C. § 922(g)(8), which prohibits certain individuals subject to domestic violence restraining orders from possessing firearms, against a facial Second Amendment challenge. The Supreme Court explained that "some courts have misunderstood the methodology" of recent Supreme Court Second Amendment cases as requiring an exact historical match between a modern firearms law and a historical law, but "[t]hese precedents were not meant to suggest a law trapped in amber." *Rahimi*, 144 S. Ct. at 1897. Rather, "the Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *Id.* at 1897-98. Under the Second Amendment, "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition."

*Id.* at 1898.  The Court identified a relevant principle that "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed," which was established by historical laws requiring those who posed a threat to another to post a surety bond and prohibiting going armed in a way that terrorized the public.  *Id.* at 1901.  The Court held that § 922(g)(8) "fits neatly within the tradition the surety and going armed laws represent"; although it "is by no means identical to these founding era regimes, . . . it does not need to be."  *Id.*

  **2.** When the Supreme Court decided *Rahimi*, it had pending several certiorari petitions presenting Second Amendment challenges to federal firearms laws, which it had held pending the resolution of *Rahimi*.  On July 2, 2024, the Supreme Court granted some of those petitions, vacated the Court of Appeals' judgment, and remanded for further consideration in light of *Rahimi*.  *See* Order List (U.S. July 2, 2024), https://www.supremecourt.gov/orders/courtorders/070224zor_2co3.pdf.  Some of the decisions affected by these orders were cited in the parties' preliminary injunction briefing, including *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), and *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023).

  **3.** On July 15, 2024, the Third Circuit issued a precedential decision in *Delaware State Sportsmen's Ass'n v. Delaware Department of Safety & Homeland Security*, --- F.4th ---, 2024 WL 3406290 (3d Cir. July 15, 2024), which affirmed a district court decision that Defendants cited in their Opposition brief.  Plaintiffs in that case had raised a Second Amendment challenge to a Delaware statute restricting certain weapons defined as "assault weapons" and large capacity magazines; the Third Circuit affirmed the district court's denial of plaintiffs' motion for preliminary injunction.  *Id.* at *1.  The Third Circuit explained: "Preliminary injunctions are not automatic.  Rather, tradition and precedent have long reserved them for extraordinary situations."

*Id.* at *2.  The "limited purpose" of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held" in order "to ensure that, at the end of the case, the court can still grant an adequate remedy."  *Id.* at *4 (quoting *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024)).  Although some courts have "strayed from" the preliminary injunction's "primary purpose" and "started using preliminary injunctions just to prevent harm," the Third Circuit warned that "the threat of irreparable harm does not automatically trigger a preliminary injunction."  *Id.*  Rather, it "is often, perhaps usually, the wiser course" to "withhold this extraordinary remedy if a plaintiff's alleged injury does not threaten to moot the case."  *Id.* at *5.  The court also reaffirmed that "[c]onstitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction."  *Id.* at *7 (quoting *Hohe v. Casey*, 826 F.2d 69, 73 (3d Cir. 1989)).  Although there is an "exception to our rule: we presume that First Amendment harms are irreparable," the Third Circuit held that it "will not extend" this exception beyond the First Amendment context.  *Id.*

The Third Circuit affirmed the denial of the preliminary injunction because even though plaintiffs had claimed that the statute violated their Second Amendment rights, they had "shown no harms beyond ones that can be cured after final judgment," which "alone suffices to support the District Court's denial of a preliminary injunction."  *Id.* at *8.  The Third Circuit also held that "harm to the opposing party and the public interest" supported denying the injunction.  *Id.*  The plaintiffs sought "to enjoin enforcement of two democratically enacted state laws.  Courts rightly hesitate to interfere with exercises of executive or legislative authority."  *Id.*

Dated:  July 19, 2024

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN (D.C. Bar
#1024112)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On July 19, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney